# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Niyaa Buncch, Chloe Smoots, and M.G., <br><br> Plaintiffs, <br><br> v. <br><br> Atlas NV, LLC; et al., <br><br> Defendants. | Case No. 2:25-cv-00956-APG-DJA <br><br> **Order** |

Before the Court are two applications to proceed *in forma pauperis* (which means to proceed without paying the filing fee) filed by pro se Plaintiff Niyaa Buncch. (ECF Nos. 1, 10). Also before the Court is Buncch's motion to file electronically. (ECF No. 6). Because Buncch's first application is not on the correct form, the Court denies it. (ECF No. 1). Because Buncch's second application is incomplete, the Court denies it. (ECF No. 10). The Court will give Buncch, along with Plaintiffs Chloe Smoots and M.G.—who must each file their own applications—thirty days to file renewed applications to proceed *in forma pauperis* or to pay the filing fee. The Court also grants Buncch's motion to file electronically. (ECF No. 6).

**I.  Buncch's first application to proceed *in forma pauperis*.**

Buncch's first application is not on this Court's form as required by Nevada Local Special Rule[1] 1-1. (ECF No. 1). So, the Court denies it.

**II.  Buncch's second application to proceed *in forma pauperis*.**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security therefor" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized

---

[1] This refers to the Local Rules for the United States District Court for the District of Nevada, which can be found online at https://www.nvd.uscourts.gov/court-information/rules-and-orders/.

that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn [*in forma pauperis*] status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015).  An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted).  If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed *in forma pauperis*.  *See, e.g.*, *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (unpublished) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed *in forma pauperis* because he "failed to verify his poverty adequately").  "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16-cv-00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at *1 (S.D. Cal. June 9, 2016).  Misrepresentation of assets is sufficient grounds for denying an *in forma pauperis* application.  *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on *in forma pauperis* application).

Buncch's second application is incomplete.  Buncch has left questions 1 and 2 blank.  She has also checked two boxes under question 3 indicating that she receives disability or worker's compensation payments and money from other sources, but fails to describe each source of money, the amount she received, and the amount she expects to receive in the future.  She also states in response to question 8 that she has debts, but she does not describe the amounts owed and to whom they are payable.  Because her application is incomplete, the Court cannot determine whether she qualifies for *in forma pauperis* status and thus denies her application without prejudice.

The Court will give Buncch another opportunity to file a complete *in forma pauperis* application. Buncch may not respond with a zero or "not applicable" in response to any question without providing an explanation for each of the questions. Buncch also may not leave any questions blank. Buncch must describe each source of money that she receives, state the amount she received, and what she expects to receive in the future. Buncch must fully answer all applicable questions and check all applicable boxes. Buncch may alternatively pay the filing fee in full. Since the Court denies Buncch's application, it does not screen the complaint at this time.

### III.  Applications by other plaintiffs.

The Court notes that, although three plaintiffs bring this action, only Buncch has applied to proceed *in forma pauperis*. However, "[w]here there are multiple parties in a single action, the plaintiffs may not proceed in forma pauperis unless all of them demonstrate inability to pay the filing fee." *Martinez v. Lutz*, No. 1:18-cv-00999-DAD-SKO, 2018 WL 3924266, at *1 (E.D. Cal. Aug. 14, 2018) (citation omitted); *see also Anderson v. California*, No. 10-cv-2216-MMA-AJB, 2010 WL 4316996, at *1 (S.D. Cal. Oct. 27, 2010) ("[A]lthough only one filing fee needs to be paid per case, if multiple plaintiffs seek to proceed in forma pauperis, each plaintiff must qualify for [in forma pauperis] status."). So, if Chloe Smoots and M.G. wish to proceed in this action without paying the filing fee, they must each file their own application to proceed *in forma pauperis*.

### IV.  Buncch's motion for leave to file electronically.

Buncch moves for leave to file documents electronically. (ECF No. 6). Under Local Rule IC 2-1(b), a *pro se* litigant may request the court's authorization to register as a filer in a specific case. Buncch appears to have access to a word processing program. Because the Court finds that Buncch is capable of filing electronically, it grants the motion. (ECF No. 6).

///

///

///

**IT IS THEREFORE ORDERED** that that Buncch's applications to proceed *in forma pauperis* (ECF Nos. 1, 10) are **denied.**

**IT IS FURTHER ORDERED** that Buncch, Smoots, and M.G. shall have until **July 21, 2025,** to **each** file an application to proceed *in forma pauperis*. Each of their applications must be on this Court's approved form.[2] Alternatively, Buncch, Smoots, and M.G. may pay the filing fee. If they choose to pay the filing fee, they only need to pay **one** $405 filing fee. They do not each need to pay the fee.

**IT IS FURTHER ORDERED** that Buncch's motion to file electronically (ECF No. 6) is **granted**.

**IT IS FURTHER ORDERED** that Buncch must: (1) obtain a PACER account; (2) be familiar with the Local Rules for the Electronic Filing procedures in the District of Nevada; and (3) complete the e-filing registration for the District of Nevada through Manage PACER Account. Links to these items are available at https://www.nvd.uscourts.gov/e-filing-permission/.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send Buncch a copy of this order.

DATED: June 20, 2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[2] This form can be found online at https://www.nvd.uscourts.gov/court-information/forms/ under Code AO 240.